IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:06-607-CMC |
| v. | **OPINION and ORDER** |
| Victor Eugene Mason, | |
| Defendant. | |

This matter is before the court on Defendant's motion for relief filed pursuant to 28 U.S.C. § 2255. The Government has responded in opposition, and Defendant has replied. For the reasons set forth below, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

### BACKGROUND

In June 2006, Defendant was indicted for his role in a conspiracy to distribute five (5) or more kilograms of powder cocaine, a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

Defendant exercised his right to trial by jury. After a two-day trial, Defendant was convicted on March 23, 2007. A Presentence Report (PSR) was thereafter prepared. On September 11, 2007, Defendant appeared with counsel for sentencing. Defendant presented objections to the PSR, which were overruled by the court. The court then adopted the factual findings of the PSR and sentenced Defendant to life imprisonment. Defendant filed a timely Notice of Appeal to the Fourth Circuit Court of Appeals. On December 8, 2010, Defendant's conviction and sentence were affirmed. *United States v. Mason*, 628 F.3d 123 (4th Cir. 2010).

Defendant raises five Grounds for Relief, all alleging ineffective assistance of counsel, both trial and appellate.

1

STANDARD

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989) (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith*

*v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).  To establish prejudice relating to the actions of appellate counsel, Defendant must establish a reasonable probability that, but for his counsel's unreasonable failure to include a particular issue on appeal, he would have prevailed on his appeal.  *See id*. at 285-86.

### DISCUSSION

Defendant raises five claims of ineffective assistance of counsel, asserting all against both trial and appellate counsel.  The court has carefully reviewed the Defendant's brief, the Government's motion for summary judgment, and the complete record in this matter.

Defendant's asserted Grounds for Relief are without merit.  Accordingly, for the reasons stated by the Government, which this court finds to be correct and adopts as its findings, the Government is entitled to summary judgment.

### CONCLUSION

The Government's motion for summary judgment is **granted** and the motion for relief is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

3

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

                                  s/ Cameron McGowan Currie
                                  CAMERON McGOWAN CURRIE
                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 19, 2012